UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cr-33-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **DEVON TERMAINE ROSE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's *pro se* "Motion Pursuant to 28 U.S.C. § 2244 Otherwise Motion Requesting Leave to File a Second or Successive Motion Pursuant to 28 U.S.C. § 2255," (Doc. No. 32).

Although Defendant submitted the instant pleading as a § 2244 Motion seeking leave to file a second or successive § 2255 motion to vacate, he has not previously filed a § 2255 motion to vacate and thus does not require authorization to file a motion under § 2255. See generally 28 U.S.C. § 2255(h). Defendant appears to challenge the legality of his federal conviction and sentence and the Court intends to characterize the motion as a § 2255 Motion to Vacate. Before this Court construes this action as one arising under § 2255, Defendant is entitled to the notice and opportunity to state whether he intended to bring the action as one arising under Section 2255 pursuant to United States v. Castro, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). That is, a "court cannot … recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Id.

1

at 383; see United States v. Blackstock, 513 F.3d 128, 134-35 (4th Cir. 2008).

The Court hereby notifies Defendant that it intends to characterize his "Motion Pursuant to 28 U.S.C. § 2244 Otherwise Motion Requesting Leave to File a Second or Successive Motion Pursuant to 28 U.S.C. § 2255," as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Defendant must indicate whether he agrees or disagrees with this characterization.

Before making that decision, Defendant should consider that the recharacterization will subject subsequent § 2255 motions to vacate to the law's "second or successive" restrictions, so that he may not bring a second or successive motion under § 2255 without first obtaining certification by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate is rarely granted.

Defendant shall, therefore, have twenty (20) days in which to inform the Court whether he would like to have the Court construe his Motion as a § 2255 Motion to Vacate. If Defendant chooses to proceed under § 2255, he may file, within twenty (20) days, a superseding amended § 2255 motion to vacate on the enclosed form, subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

If Defendant fails to timely respond to this Order, the Court will recharacterize the Motion as a § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant shall, within **twenty (20) days** of the date of this Order, inform the Court as to whether he would like for the Court to construe his Motion as § 2255 Motion to Vacate.

2. Defendant may file, within **twenty (20) days** of the date of this Order, a superseding

2

amended § 2255 motion to vacate on the enclosed form.

3. If Defendant takes no action with the allotted time, the Court will recharacterize this the Motion as a § 2255 Motion to Vacate.

4. The Clerk is instructed to mail Defendant a blank § 2255 form.

Signed: May 5, 2020

Kenneth D. Bell
United States District Judge